IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**CATHERINE TERRACIA TONEY,**

    Petitioner,

vs.                                                                                            Case No. 4:10cv510-WS/WCS

**UNITED STATES OF AMERICA,**

    Respondent.

                                                /


## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and supporting memorandum. Docs. 1 and 2. The filing fee was paid.

Petitioner challenges her sentence imposed in the Southern District of Alabama. Doc. 1, p. 2. She filed a 28 U.S.C. § 2255 motion in that court, and the motion was denied. *Id.*

A challenge to a sentence is cognizable by motion filed pursuant to 28 U.S.C. § 2255, which provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Under the "savings clause" of § 2255, a petition for writ of habeas corpus filed by a prisoner authorized to seek relief under § 2255 "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." § 2255(e).

Petitioner claims she is actually innocent of being a career offender under the United States Sentencing Guidelines, *citing* Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008) and Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010) (other citations omitted). Doc. 1, p. 3; doc. 2, pp. 2-4. The Gilbert opinion cited by Petitioner was vacated and rehearing en banc was granted. Gilbert v. United States, 625 F.3d 716 (11th Cir. 2010). On rehearing, the Eleventh Circuit said, "the savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory

maximum." Gilbert v. United States, __ F.3d __, 2011 WL 1885674, at *29 (11th Cir. May 19, 2011).

The Eleventh Circuit rejected the argument that Gilbert was convicted of (and therefore could be actually innocent of) being a career offender:

> A defendant who is convicted and then has the § 4B1.1 career offender enhancement, or any other guidelines enhancement, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement. . . . Gilbert's position turns on treating sentences as convictions, and an argument that depends on calling a duck a donkey is not much of an argument..

*Id.*, at *25. The court also rejected application of the actual innocence of sentence exception applicable to death cases, holding that it "does not apply to claims that the guidelines were misinterpreted to produce a higher guidelines range than would otherwise have applied." *Id.*, at *25-*28.

In the petition itself Petitioner claims actual innocence of career offender status, alleging, "[t]he priors relied upon were not serious as they were for possession charges and specifically *not for 5 kilograms / 50 grams of cocaine or crack*, therefore, they did not meet the definition of the crime language." Doc. 1, p. 3 (emphasis added). In the memorandum of law, Petitioner asserts that state drug offenses qualify as "serious drug offense[s]" under 18 U.S.C. § 3559(c) only in certain circumstances, including that the prior offenses were punishable under § 841(b)(1)(A) for involving at least five kilograms of cocaine or at least 50 grams of cocaine base. Doc. 2, p. 2. She asserts that she was sentenced to "240 months pursuant to U.S.S.G. § 4A1.1 and § 4A1.2, similar to a career offender," and that she "is not guilty of being a career offender under U.S.S.G. § 4B1.1 and § 4B1.2 because the three prior Alabama convictions were

for possession of amounts of drugs that did not trigger being punished under 21 U.S.C. § 841(b)(1)(A)" because the amounts involved in the prior offenses "were all far, far less than five (5) kilograms of cocaine." *Id.*, pp. 3, 4.

Petitioner seems to be confusing the amounts of a controlled substance required for the federal conviction and sentence with what had to be proven as to her prior state convictions for federal sentencing purposes.

According to the record in her criminal case, Petitioner entered a plea to conspiracy under 21 U.S.C. § 846 to possess with intent to distribute crack cocaine, and though the sentencing guidelines called for a lower sentence, Petitioner was sentenced to the statutory minimum mandatory sentence. Doc. 54 in 1:03cr77-CB-D, S. D. Alabama (order denying § 2255 motion). Petitioner entered a plea agreement, and agreed that the Government could prove, beyond a reasonable doubt, her involvement with 132.3 grams of crack cocaine. Doc. 26 in that case (factual resume attached to plea agreement). She concedes to three prior drug offenses here. Under § 841(b)(1)(A) at the time of Petitioner's offense and sentencing,[1] since her offense involved 50 grams or more of a substance containing cocaine base and was committed "after a prior conviction for a felony drug offense has become final," her minimum

---

[1] It is noted that the Fair Sentencing Act of 2010 (FSA) "amends the sentencing provisions in 21 U.S.C. § 841(b)(1) by raising from 50 grams to 280 grams the amount of crack necessary to trigger the 10-year mandatory minimum sentence, and raising the amount from 5 to 28 grams necessary to trigger the 5-year minimum." United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010), *cert. denied*, 131 S.Ct. 1833 (2011) (citation omitted). The FSA does not apply retroactively, however, to crimes committed before its enactment. *Id.*, citing 1 U.S.C. § 109.

Case No. 4:10cv510-WS/WCS

possible sentence was twenty years.[2] The sentencing guidelines apparently had nothing to do with Petitioner's twenty year sentence, nor did § 3559(c).[3]

It is therefore respectfully **RECOMMENDED** that the § 2241 petition, challenging Petitioner's sentence imposed in the Southern District of Alabama, be **SUMMARILY DISMISSED.**

**IN CHAMBERS** at Tallahassee, Florida, on June 8, 2011.


   S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[2] If committed "after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release . . . ."  § 841(b)(1)(A).

[3] This statute, known as a "three strikes" law, "mandates a sentence of life imprisonment for a defendant who has been convicted of a 'serious violent felony,' if he previously was convicted of 'one or more serious violent felonies and one or more serious drug offenses.'"  United States v. Abraham, 386 F.3d 1033, 1037 (11th Cir. 2004), *cert. denied*, 546 U.S. 934 (2005), *citing* 18 U.S.C. § 3559(c)(1)(A)(ii) (other citation omitted).  Petitioner's conviction was for a crack cocaine conspiracy, not a violent felony.

Case No. 4:10cv510-WS/WCS